TUCKER *v.* EZELL.

It was error for the court, in charging the jury, to state that the plaintiff contended that the defendant was in possession of the land sued for, when in fact there was no such contention or admission on the part of the plaintiff, but there was an express denial that the defendant had been in possession of the land sued for; the question of possession being a material one under the issues made by the petition, the answer, and the evidence submitted.

No. 478. APRIL 12, 1918.

Petition for decree of title. Before Judge Park. Jasper superior court. June 30, 1917.

W. J. Tucker brought his petition against Mrs. Lila Ezell, alleging, that defendant claimed title to certain described real estate in the town of Shady Dale, Jasper county, Georgia; that "petitioner claims title to said described tract or parcel of land, being seized thereof in fee;" that "for more than twenty years petitioner and those under whom he claims have exercised dominion and control over said property, returned same for taxation, granted licenses and easements over and upon same, and otherwise controlled and governed said property; and the said defendant has never been in actual possession of said property, except that during the first part of the present year the said defendant caused a plow' to be run over and upon said property and announced through her agent that she claimed the title to said property and claimed possession thereof." It was further alleged, that petitioner and defendant claimed the property under a common grantor; that the deed relied on by the defendant did not convey, and in fact did not intend to convey the property sued for; that "petitioner sues for no profits of said lands, for the reason that said defendant has not been in actual possession of said property, and until the first part of the present year has never asserted any claim thereto." The prayers

were, "that the title to said described tract or parcel of land be adjudicated and declared to be in petitioner, and not in said defendant," and for process. Upon the trial the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

*Greene F. Johnson* and *Eugene M. Baynes,* for plaintiff.

*W. S. Florence,* for defendant.

BECK, P. J. (After stating the foregoing facts.) Among the grounds of the motion for a new trial is one which complains of the following charge of the court: "The plaintiff in the case contends that there was a certain lot of land in the town of Shady Dale, in the county of Jasper, and the State of Georgia, containing a little over one fifth of an acre, that the defendant is in possession of; and the plaintiff contends that he is entitled to recover the possession of that property from the defendant." This charge was excepted to on the ground that it misstated the contention of the plaintiff, in giving to the jury the instruction that the plaintiff contended that the defendant was in possession of the land sued for, whereas the plaintiff in his petition denied that the defendant was in possession of the property. It is sought to justify this charge on the ground that the suit was for the recovery of land, and that the provision of § 5585 of the Civil Code, which declares that the consent rule in ejectment shall always be considered as filed, is applicable to the case, as well as the provision of rule 23 of the superior courts, to the effect that no party shall be permitted to defend an ejectment cause or an action of complaint for land who does not admit that he is in possession of the premises in dispute at the commencement of the action. We do not think that the code section and the rule referred to bear upon the point now being considered. The plaintiff distinctly sets forth in his petition that the defendant has not been in possession of the land, and declares that the only act of possession done by the defendant was to run a plow over the land once at the beginning of the year in which the suit was brought. Further, the plaintiff expressly disclaims the right to recover mesne profits, for the reason that the defendant "has not been in actual possession of the property." The defendant contended, that she had been in possession of the property; that the deed which she had from the common grantor of herself and the plaintiff vested

title in her; and that if it did not, she had a good prescriptive title to the land. Considering all the allegations of the petition, it is more in the nature of a suit to remove a cloud on title, than of a petition in complaint for land, or in ejectment. But it has manifest defects, if it was intended as a quia timet proceeding under the Civil Code, §§ 5465, .5466, 5468, relating to proceedings quia timet; for there is no prayer for cancellation of any instrument which, in itself or in connection with other proofs or extrinsic facts, might constitute a cloud on the title of the petitioner. But such defects in the petition should have been taken advantage of by demurrer, and the ruling of the court had thereon. So far as the record shows, the petition was unchallenged as to its sufficiency in substance or form. Under the pleadings, and under the evidence submitted by both parties, the question of possession was material, the plaintiff submitting evidence to show that the defendant had never been in possession, and the defendant on the other hand submitting evidence for the purpose of showing that she had been in possession. Inasmuch, therefore, as the question of possession was one of the contested issues, the erroneous statement by the court that the plaintiff admitted the possession of the defendant can not be adjudged harmless, and a new trial must be granted upon this ground. No opinion is expressed as to the sufficiency of the evidence to authorize a verdict for either party, or to authorize a charge upon that subject. The evidence in certain respects is vague and indefinite; and this indefiniteness is added to by the fact that certain witnesses evidently testified with a map or a diagram before them, and indicated lines by pointing to the map and saying that it was here or it was there, and their exact language is reproduced in the brief of the evidence; and the court can not get the force of this testimony without having the same diagram before it and knowing what part of the diagram or lines therein the witnesses indicated when testifying in the language referred to. For this reason, and for the further reason that the evidence may not be the same upon the next trial, the court expresses no opinion as to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*